**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-3188
_____

VERONICA YASMIN SERPAS-JOYA; L. J. P.-S.; V. J. P.-S.; M. A. P.-S.,
Petitioners

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency Nos. A208-161-417, -418, -419, -420)
Immigration Judge: R. K. Malloy

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 30, 2026

(Filed July 6, 2026)

Before: SHWARTZ, PHIPPS, and RENDELL, *Circuit Judges*.
_____

O P I N I O N*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**RENDELL**, *Circuit Judge*.

Veronica Yasmin Serpas-Joya and her children petition this Court for review of a Board of Immigration Appeals order denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture. We will deny the petition.

I.

Serpas-Joya and her children ("Petitioners"), natives and citizens of El Salvador, entered the United States without inspection or authorization. The Department of Homeland Security issued a Notice to Appear for removal proceedings to Petitioners. After a hearing, an immigration judge ("IJ") denied Petitioners' applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Specifically, the IJ found Petitioners failed to show they suffered past persecution on account of Serpas-Joya's membership in a cognizable particular social group ("PSG").

Petitioners appealed, challenging the PSG finding and the IJ's failure to give Petitioners an opportunity to designate a country of removal, but not challenging the IJ's determination that the proposed PSG lacked the requisite particularity or that Serpas-Joya was not persecuted because of her membership in the PSG. The Board of Immigration Appeals ("BIA") dismissed the appeal, determining Petitioners failed to challenge the IJ's decisions that the proposed PSG "lack[ed] the requisite particularity" and that Serpas-Joya's persecution was motivated by her membership in that PSG. AR 3-5. Further, the BIA found that, although the IJ did not provide them an opportunity to designate a country of removal, it would not remand for this reason when Petitioners' counsel neither

sought to designate a country of removal in the proceedings below nor disputed that El Salvador is a valid country of removal.

Petitioners ask this Court to review the BIA's order. Pet'r Br. 1-6.

II.[1]

A.

Petitioners urge that "El Salvadoran business women whose family persecution is based on poverty[,] gang recruitment[,] and violence" is a cognizable PSG for the purposes of the asylum and withholding of removal applications. A noncitizen seeking asylum must show he or she is "unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of" the country of his or her nationality "because of persecution or a well-founded fear of persecution on account of . . . membership in a [PSG]." 8 U.S.C. § 1101(a)(42)(A). Similarly, to show eligibility for withholding of removal, noncitizens must show "that it is more likely than not that he or she would be persecuted on account of . . . membership in a [PSG] . . . upon removal to that country." 8 C.F.R. § 1208.16(b)(2). Applications for asylum and withholding of removal both must show membership in a cognizable PSG and that this is "one central reason" for their persecution. *Gonzalez-Posadas v. Att'y Gen. U.S.*, 781 F.3d 677, 684-85 (3d Cir. 2015).

---

[1] We have jurisdiction to review the decision of the BIA under 8 U.S.C. § 1252(a). "We review the agency's factual findings for substantial evidence, deferring 'unless any reasonable adjudicator would be compelled to conclude to the contrary,'" and "legal issues de novo." *Manuel-Soto v. Att'y Gen. U.S.*, 121 F.4th 468, 471 (3d Cir. 2024) (quoting 8 U.S.C. § 1252(b)(4)(B)).

Here, neither Petitioners' notice of appeal nor brief before the BIA mention or challenge the IJ's determination that they "failed to demonstrate that an animus against her group was central to the harm that she suffered in the past and fears suffering in the future." AR 157. When noncitizens fail "to raise these dispositive issues before the BIA, they failed to exhaust their administrative remedies, as necessary 'to preserve [their] right to appellate review' of their removal order." *Gomez-Gabriel v. Att'y Gen. U.S.*, 146 F.4th 327, 330 (3d Cir. 2025) (per curiam) (alteration in original) (quoting *Yan Lan Wu v. Ashcroft*, 393 F.3d 418, 422 (3d Cir. 2005)); *see also* 8 U.S.C. § 1252(d)(1) (providing a court may review a final order of removal only if the noncitizen "has exhausted all administrative remedies available" to them as of right). Petitioners have failed to exhaust their administrative remedies, so we will not review the IJ's finding.[2] Because this issue is dispositive of Petitioners' asylum and withholding applications, we need not address whether the IJ's PSG determination was proper.

B.

Petitioners contend the BIA erred by not remanding based on the IJ's failure to give Petitioners an opportunity to designate a country of removal in violation of their due process rights. Noncitizens "facing removal are entitled to due process." *Abdulai v. Ashcroft*, 239 F.3d 542, 549 (3d Cir. 2001), *superseded by statute on other grounds by*, REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, Tit. 1, § 101, 119 Stat. 302. When

---

[2] The exhaustion requirement is not a jurisdictional bar, but "once the government raises the issue, we must enforce it." *Gomez-Gabriel*, 146 F.4th at 330. The government has urged Petitioners failed to object to the IJ's particularity and nexus determinations.

they have been ordered removed, they "may designate one country to which [they] want[]

to be removed" and the "Attorney General shall remove" them to the country they

designate. 8 U.S.C. § 1231(b)(2)(A)(i)-(ii). "The Attorney General may disregard a

designation" if the noncitizen "fails to designate a country promptly," and then the

Attorney General "shall remove" the noncitizen to a country of which the noncitizen "is a

subject, national, or citizen." *Id.* § 1231(b)(2)(C)-(D).

To warrant remand, a petitioner must show prejudicial error or the violation of a

fundamental right. *Aquino v. Att'y Gen. U.S.*, 53 F.4th 761, 766 (3d Cir. 2022). "[F]or a

regulation to protect a fundamental right, a violation must be a structural error that

necessarily makes proceedings fundamentally unfair." *Id.*

Here, Petitioners did not show that any prejudice[3] resulted from the IJ's failure to

allow them to designate a country of removal. Petitioners were ordered removed to El

Salvador, "undoubtedly a proper country of removal," as the country of which they are

natives and citizens. *See Castillo-Mejia v. Att'y Gen. U.S.*, 781 F. App'x 88, 91 n.1 (3d

Cir. 2019) (noting the petitioner's unpreserved argument would fail because the

noncitizen failed to show prejudice when he was ordered removed to the country of his

birth and citizenship and never suggested an alternative country). Further, this violation

does not implicate a fundamental right akin to those we have recognized, like the right to

---

[3] "To establish a violation of due process, [a] petitioner[] must show that substantial prejudice resulted from the alleged procedural errors." *Delgado-Sobalvarro v. Att'y Gen. U.S.*, 625 F.3d 782, 787 (3d Cir. 2010). Substantial prejudice occurs if the IJ's error had "the potential for affecting the outcome of [the] deportation proceedings." *Serrano-Alberto v. Att'y Gen. U.S.*, 859 F.3d 208, 213 (3d Cir. 2017) (alterations in original) (emphasis and quotations omitted).

counsel and the right to an unbiased judge. *See Aquino*, 53 F.4th at 766. Thus, the BIA did not err in declining to remand.

## III.

For these reasons, we will deny the petition for review.